**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2435

MUKTAR SINGH SANDHU,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Torruella, Circuit Judge,

and Cyr, Senior Circuit Judge.

Desmond P. FitzGerald and FitzGerald & Company, LLC on brief
for petitioner.
Gina Walcott-Torres, Assistant United States Attorney, and
Michael J. Sullivan, United States Attorney, on brief for
respondent.

June 22, 2006

**Per Curiam**.  Muktar Singh Sandhu is an Indian national who entered the United States without authorization, possibly arriving from Mexico in 1993 (when he apparently filed a petition for asylum that was later abandoned).  He was served with a notice to appear on August 14, 2003, which charged him as being removable as an alien who arrived in the United States without authorization.  8 U.S.C. § 1182(a)(6)(A)(i) (2000).  He appeared, with counsel, before the immigration court on October 20, 2003.

At that time Sandhu said he needed more time to prepare for the removal hearing and was granted a year in which to do so; the Immigration Judge ("IJ") orally informed Sandhu and his counsel that the removal hearing was rescheduled for October 13, 2004.  In the courtroom he was then handed a new notice of hearing directed to another alien with a different hearing date.  The immigration court discovered this error several days later and mailed to Sandhu's counsel an accurate notice of hearing with the correct date, as permitted under the governing notice statutes.  8 U.S.C. § 1229(a)(1), (2).

On October 13, 2004, neither Sandhu nor his counsel appeared, and the IJ found that Sandhu had been provided with the required notice of the hearing and was removable, and he entered an in absentia removal order as permitted by 8 U.S.C. § 1229a(5)(A).  Sandhu apparently arrived at the immigration court the following day and discovered that he had been removed in absentia; he filed

-2-

on the same day an affidavit with a motion by counsel requesting reopening of the proceedings (as is permitted where exceptional circumstances exist, id. § 1229a(5)(C)(i)).

Curiously, neither the affidavit nor the motion says that his counsel did not receive the corrected notice or that Sandhu was not informed that the corrected notice had been received. In Sandhu's affidavit requesting reopening there is a vague reference to confusion about the date and to the fact that the in-hand notice was addressed to a different person, but Sandhu failed to make a straightforward claim that he never received notice of the correct hearing date (which was provided both orally and in writing).

The IJ wrote a decision setting out these events and noting the statutory requirements for entering and rescinding an in absentia removal order. 8 U.S.C. § 1229a(5)(A), (C). The IJ said that the correct notice of hearing had been mailed to Sandhu's counsel of record, and that Sandhu had failed to present evidence that he did not receive this notice. Sandhu filed a motion to reconsider (again failing to claim that he was unaware of the corrected notice) which was also denied by the IJ.

The BIA affirmed the IJ's rulings without opinion, and Sandhu now appeals to this court. The governing statute limits our review but permits Sandhu to raise the central issue: whether the IJ abused his discretion in concluding that no exceptional

circumstances justified the failure to appear.  See 8 U.S.C. § 1229a(b)(5)(D).

On this record the case is not even close.  Sandhu never offered an affidavit or other evidence to the IJ that he was unaware of the corrected notice, nor has he demonstrated why, in view of the correct oral notice and correct follow-up written notice, he had any basis for confusion.  Belatedly, in this court, he has now asserted in a motion--not an affidavit--that he does claim not to have known of the corrected notice; the proffer, offered without adequate detail, comes way too late and is still inadequate to establish confusion, let alone justified confusion.[1]

This court has in several cases been protective of aliens in situations in which there has been genuine confusion as to the hearing date or an excusable absence, at least where there also appeared to be some plausible basis to contest removability.  See Kaweesa v. Gonzales, No. 04-2548, 2006 WL 1575400, at *5-*7 (1st Cir. June 9, 2006); Herbert v. Ashcroft, 325 F.3d 68, 72 (1st Cir. 2003).  But in this instance, Sandhu has never explained what he would say to contest removability, and there was no abuse of

---

[1]For Sandhu to say that he did not receive the corrected notice in no way establishes that he was confused about the date. It was given to him orally, the incorrect notice was addressed to a different person, and while the corrected notice was sent only to his lawyer (which binds him under the governing rules), Sandhu says nothing about whether his lawyer reconfirmed the date with him without informing him of the notice.

discretion in rejecting his inadequately supported claim of confusion.

The petition for review is <u>denied</u>.